# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

Wayne Nicolaison,

          Petitioner,

v.

Cal Ludeman,

          Respondent.

Civil File No. 07-3224 (RHK/JJG)

**ORDER**

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his civil commitment under Minnesota state law. (Docket No. 1.) The matter was assigned to Magistrate Judge Jeanne J. Graham, who recommended that the petition be dismissed on the merits. (Report and Recommendation, ["R&R"], dated January 14, 2008, [Docket No. 30].) Petitioner filed objections to the R&R, (Docket No. 32), which caused this Court to conduct a de novo review of the matter. By order dated February 21, 2008, (Docket No. 39), the Court adopted the R&R, and ordered that Petitioner's habeas corpus petition be denied.

On March 5, 2008, Petitioner filed a document that has been construed to be both a Notice of Appeal and an application for a Certificate of Appealability. (Docket Nos. 41 and 42.) For the reasons discussed below, the Court concludes that Petitioner should not be granted a Certificate of Appealability in this matter.

## DISCUSSION

A person in state custody is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. §

2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  A federal district court cannot grant a COA unless the habeas petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue.  Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate").  Instead, the habeas petitioner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).  When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal."  Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In this case, the Court finds that Petitioner has not made a substantial showing of the denial of any constitutional right.  His petition for writ of habeas corpus was properly dismissed for the reasons set forth in the Magistrate Judge's R&R.  Petitioner has not offered any reason to think that any other court – including the Eighth Circuit Court of Appeals – could decide this case any differently than it was decided here.  He has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case that might cause it to warrant

appellate review.  Therefore, Petitioner is not entitled to a COA in this matter.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's application for a Certificate of Appealability in this matter, (Docket No. 42), is

DENIED.


Dated: March 12, 2008


s/Richard H. Kyle                        
RICHARD H. KYLE
United States District Court Judge

3